# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

**Governor Jesse Ventura, a/k/a**                           **Civil No. 11-174 SRN/AJB**
**James G. Janos, individually,**

                     **Plaintiff,**

                                                                   **ORDER**
v.

**Janet Napolitano,**
**Secretary of the Department of**
**Homeland Security, et al.**

                     **Defendants.**

---

Piero A. Bugoni, Pro Se Intervenor, 160 W. Camino Real, #191, Boca Raton FL 33432.

David Bradley Olsen, Henson & Efron, P.A., 220 S. 6th St., Suite 1800, Minneapolis, Minnesota 55402-4503, for Plaintiff

Tony West, Assistant Attorney General; B. Todd Jones, United States Attorney; Tamara L. Ulrich, U.S. Department of Justice, Civil Division, Federal Programs Branch, P.O. Box 883, Washington D.C. 20044; Ana H. Voss, Assistant U.S. Attorney, 600 U.S. Courthouse, 300 S. Fourth Street, Minneapolis, MN 55415; for Defendants

---

SUSAN RICHARD NELSON, United States District Judge

       This matter is before the Court on the Motion to Intervene by Third Party movant Piero A. Bugoni, on behalf of "American Travelers", a purported Plaintiff Class. (Doc. No. 13.) For the reasons stated herein, the motion is DENIED.

I.      **BACKGROUND**

       This action was filed by former Governor Jesse Ventura ("Ventura") against Janet Napolitano, Secretary of the Department of Homeland Security, the Transportation Security

Administration (TSA), and the Department of Homeland Security (DHS), seeking a declaration that the TSA and DHS have violated Ventura's Fourth Amendment rights by subjecting him to airport security searches.  (Compl. ¶ 6 [Doc. No. 1].)   Piero A. Bugoni, on behalf of the proposed intervenors "American Travelers", a purported plaintiff class ("Proposed Intervenors"), seeks permission to intervene in this action.  (Mot. Intervene. at 1 [Doc. No. 13.].)  Proposed Intervenors contend that, pursuant to Federal Rule of Civil Procedure 24(a), they have an unconditional right to intervene in this matter under 42 U.S.C. § 1983.  (Id.)  Defendants oppose the motion on the grounds that § 1983 does not give a movant an unconditional right to intervene, or, in the alternative, that the Proposed Intervenors do not have Article III standing to intervene.  (Opp'n. Mem. at 2 [Doc. No. 15].)  Plaintiff Ventura joins in Defendants' opposition to the motion.  (Id.)

II.     **DISCUSSION**

Federal Rule of Civil Procedure 24(a) provides that a court must allow intervention of a party who files a timely motion, if the party:

>   (1) is given an unconditional right to intervene by a federal statute; or
>   (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).

Under Rule 24(a)(1), a movant is entitled to intervene if the federal statute at issue contains explicit language authorizing intervention.  For example, language such as "… any citizen may intervene as a matter of right", 33 U.S.C. § 1365(b)(1)(B), or "[t]he

person or persons aggrieved shall have the right to intervene…", 42 U.S.C. § 2000e-5(f)(1), explicitly permits intervention.

In addition to the requirements set forth in the above rule, the moving party must have Article III standing in order to intervene and litigate their claims in federal court. <u>Mausolf et. al. v. Babbitt et. al.,</u> 85 F.3d 1295, 1300 (8th Cir. 1996). This standing requirement is a prerequisite for federal jurisdiction and "an unchanging part of the case-or-controversy requirement of Article III." <u>Lujan v. Defenders of Wildlife,</u> 504 U.S. 555, 560 (1992). If a party were permitted to intervene without standing, it would no longer be considered an Article III case or controversy and the matter could not be litigated in a United States court. <u>Mausolf,</u> 85 F.3d at 1300.

Standing requires three elements. First, the moving party must show that it has suffered a concrete and particularized injury in fact that is actual or imminent, not conjectural or hypothetical. <u>Lujan,</u> 504 U.S. at 560. Second, the conduct being challenged must have caused the alleged injury. <u>Id.</u> Third, the moving party must show that a favorable decision will cure the injury. <u>Id.</u> at 561. A movant who merely states a generalized grievance and not a personalized injury will not satisfy the injury requirement of the standing test. See <u>Nolles et. al. v. State Comm. for the Reorg. of Sch. Dists.,</u> 524 F.3d 892, 900 (8th Cir. 2008). In <u>Nolles</u>, the plaintiffs brought a civil rights action against a state committee regarding the reorganization and classification of school districts. <u>Id</u>. at 896. The court ruled that the plaintiffs' claim was a generalized grievance shared by all Nebraska voters and that because they could not establish a specific, individualized injury, the Plaintiffs lacked standing. <u>Id.</u> at 900.

Proposed Intervenors seek to intervene in this matter under Rule 24 (a)(1) through 42 U.S.C. § 1983.  (Mot. Intervene. at 1.)  They contend that they have an unconditional right to intervene "to secure the Blessings of Liberty and Protect their Individual Rights to Person, Property, Peace and Dignity, Privacy, Personal Space, and to Be Let Alone."  (Id.)  As the Defendants correctly point out in their response, § 1983 does not contain any language authorizing an unconditional right to intervene.  See 42 U.S.C. § 1983.  Therefore, because the statute at issue in this litigation does not authorize intervention, Proposed Intervenors do not possess an unconditional right to intervene pursuant to Rule 24 (a)(1).[1]

As to standing, Proposed Intervenors have not alleged that they have traveled or plan to travel through an airport and experience the security procedures challenged by this action.  (See Mot. Intervene. at 1.)  Further, they have not alleged any particularized harm caused by the security measures necessary to satisfy the individualized injury requirement under Nolles.  See id; Nolles, 524 F.3d at 900.  Because Proposed Intervenors have not shown that they have suffered an actual or imminent injury, that the actions of the defendants caused that injury, and that a favorable ruling would redress that injury, Proposed Intervenors lack Article III standing.  See Lujan, 504 U.S. at 560-61.

Because the Proposed Intervenors have not identified any authority permitting intervention under Rule 24(a)(1) and do not satisfy the Article III standing requirements, they cannot intervene in this action.

---

[1] Because Proposed Intervenors claim a right to intervene solely under Rule 24(a)(1), the court will not address the applicability of intervention under Rules 24(a)(2) or 24(b), although the Court finds that neither applies here.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

The Motion to Intervene by Third Party American Travelers (Doc. No. 13) is **DENIED.**

Dated:   July21, 2011

                                                s/ Susan Richard Nelson_____
                                                SUSAN RICHARD NELSON
                                                United States District Court Judge